UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL LEVELL LEWIS,

       Petitioner,

                                CASE NO. 1:11-CV-617
v.                                          CASE NO. 1:09-CR-117

UNITED STATES OF AMERICA,            HON. ROBERT J. JONKER

       Respondent.
_____/

## OPINION AND ORDER

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket # 1). The United States has not responded. The Court has carefully reviewed Petitioner's motion and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## BACKGROUND

Petitioner Darnell Lewis was indicted on April 15, 2009, for two counts of possession with intent to distribute, one for 50 grams or more of cocaine base and one for heroin. (Case No. 1:09-cr-117, docket # 1) Under the terms of a written plea agreement (docket # 33), Mr. Lewis agreed to plead guilty to the first count in the indictment, possession with intent to distribute 50 grams or more of cocaine base. The parties agreed that 160 grams of cocaine base were attributable to Mr. Lewis. (*Id*. at ¶ 4) In that agreement, Mr. Lewis expressly waived his "right to appeal unless the sentence exceeds the greater of either the guideline range or the mandatory minimum sentence established by

statute." (*Id*. at ¶ 11)  He also waived "the right to challenge the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever." (*Id*.)  He retained only the right to "appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." (*Id.*)  Additionally, he expressly waived his "right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255." (*Id.*)  On July 17, 2009, the Court accepted Mr. Lewis's guilty plea.  (Docket # 54)  During the plea colloquy, Mr. Lewis admitted to possession with the intent to distribute more than 50 grams of crack cocaine.  (*Id*. at 46)

At his sentencing on November 19, 2009, Mr. Lewis did not object to the Court's calculations of an offense level of 29, a criminal history category of IV, and a guideline range of 121-151 months, with a ten-year mandatory minimum.  (Case No. 1:09-cr-117, docket # 55 at 4-5)  Mr. Lewis did request that the Court consider the disparity between the sentencing guideline ranges of powder cocaine and crack cocaine when crafting the sentence.  (Docket # 44; docket # 55 at 6)  The Court noted the "ongoing debate in the public arena" regarding the crack cocaine sentencing guidelines, but noted that in Mr. Lewis's case, the ten-year mandatory minimum rendered the Court powerless to impose a different ratio, even if the Court wanted to do so.  (Docket # 55 at 21)  The Court ultimately sentenced Petitioner to 121 months imprisonment.  (*Id*. at 20)  Petitioner appealed his judgment of conviction and sentence, and the Sixth Circuit affirmed.  (Case No. 1:09-cr-117, docket # 56)

## ANALYSIS

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255.  A valid section 2255 motion requires a petitioner to

show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

Mr. Lewis moves to vacate his sentence under 28 U.S.C. § 2255 on two grounds: 1) his trial counsel was ineffective for failing to inform him that the Fair Sentencing Act (FSA) was percolating in Congress and for failing to inform him that new laws (specifically, the FSA) would not apply to Petitioner's case if he accepted a plea deal; 2) the FSA applies to his case and he should be re-sentenced under its precepts. Neither ground warrants relief.

Normally, to establish a claim of ineffective assistance, a criminal defendant must show deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Flores-Ortega*, 528 U.S. at 477. Counsel must be "a reasonably competent attorney" and give "reasonably effective assistance." *Strickland*, 466 U.S. at 687. Mr. Lewis must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id*. Actual prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Mr. Lewis has not established either deficient performance or actual prejudice in this case. Failure to inform a criminal defendant of legislation pending before Congress does not rise to the level of objective unreasonableness. Moreover, the FSA does not retroactively apply to Mr. Lewis's case in any event.

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, amended the drug quantity threshold requirement for statutory minimum prison sentences under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A)(iii). To qualify for the 120-month mandatory minimum today, more than 280 grams of crack cocaine must be involved. At the time Mr. Lewis was sentenced, a defendant qualified if 50 grams of crack cocaine were at issue. Mr. Lewis admitted to possessing with the intent to sell more than 50 (but less than 280) grams of crack cocaine and thus was subject to the then-mandatory minimum sentence of 120 months, even though no such mandatory minimum would apply to him today.

The Sixth Circuit directly addressed the issue raised by Petitioner in *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), where the court held that the Fair Sentencing Act "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *Id*. at 580. Accordingly, the Sixth Circuit and this Court "must apply the penalty provision in place at the time [the defendant] committed the crime in question." *Id*. Petitioner agreed during his plea colloquy that he possessed the crack cocaine in April of 2009, one year before the FSA came into existence. Moreover, Mr. Lewis's plea and sentence also occurred prior to the FSA's enactment. Accordingly, the Fair Sentencing Act's amendments do not apply to Mr. Lewis.

**THEREFORE, IT IS ORDERED** that Petitioner's motion to vacate his sentence (docket # 1) is **DENIED**.


Dated:     July 29, 2011                     /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE